UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PAUL PETERY,<br>　　　　Plaintiff, | :<br>:　No. 5:25-cv-0116<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                      **April 25, 2025**
**United States District Judge**

## I.  INTRODUCTION & BACKGROUND

As best the Court can discern, and after affording the Amended Complaint a liberal construction[1], Plaintiff alleges that United Services Automobile Association acted in bad faith when it handled his claim following a motor vehicle accident.[2] *See* ECF No. 9, Am. Compl. at 82-83.  From this interaction, Plaintiff has extrapolated industrywide fraud in the insurance field. *See id*.  Upon reviewing the Amended Complaint, the Court expressed skepticism as to its ability to hear the case and ordered that the Plaintiff show cause as to why the matter should not be dismissed for lack of subject matter jurisdiction.  *See* ECF No. 10.  Having reviewed Plaintiff's Response, *see* ECF No. 11, the Court will dismiss the Amended Complaint without prejudice.

## II.  LEGAL STANDARD

Federal courts are courts of limited subject matter jurisdiction.  *See Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541 (1986).  "[T]hey have only the power that is

---

[1]     Courts have an obligation to construe the filings of *pro se* litigants liberally. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).
[2]     It also appears that these accidents were the subject of prior litigation previously dismissed by this Court.  *See Petery v. USAA Cas. Ins. Co*., No. CV 23-604, 2024 WL 291311 (E.D. Pa. Jan. 25, 2024).

authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Id*. Most commonly, this takes the form of diversity jurisdiction, *see* 28 U.S.C. § 1332(a), or federal-question jurisdiction, *see* 28 U.S.C. § 1331. Federal question jurisdiction extends the jurisdiction of district courts to "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. Generally, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citing *Am. Well Works Co. v. Layne & Bowler Co*., 241 U.S. 257, 260 (1916)).

"Subject matter jurisdiction defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

### III.     ANALYSIS

The Court has an inherent authority to control its docket in a manner so as to "prevent undue delays in the disposition of pending cases and to avoid congestion." *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988). The Court also has an obligation to assure itself of subject matter jurisdiction over any given suit, and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Since Plaintiff has brought suit against 887 Defendants, for all of which summons must be issued and service must be made, these powers urge the Court to make an early assessment of its jurisdiction. Having done so, the Court finds that it lacks subject matter jurisdiction over the instant case.

Since Plaintiff invokes the Court's subject matter jurisdiction, he bears the burden of proving its existence. *See Genentech, Inc. v. Amgen Inc*., 310 F. Supp. 3d 467, 469 (D. Del.

2018).  In response to the Court's show cause Order, Plaintiff cursorily notes five "Federal Laws [he] believes have been violated" in the course of events underlying his Amended Complaint. They are: 1) 18 U.S.C. § 242 - Deprivation of rights under color of law; 2) "Federal Trade Commission Act 15 U.S.C. § § 41-58, mainly 45(a)(1)"; 3) 18 U.S.C. § 1341 – Frauds and swindles; 4) 18 U.S.C. § 1033 - Crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce; and 5) "The Sherman Act of 1890."  He thus invokes the Court's federal question jurisdiction.  *See* 28 U.S.C. § 1331.[3]

At the outset, the Court notes that there is an important distinction between "failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits."  *Shapiro v. McManus*, 577 U.S. 39, 45 (2015).  Here, the Court takes care not to convert this jurisdictional question into a merits one.  That is because it is inappropriate to dismiss a case for want of jurisdiction "because the legal theory alleged is *probably* false." *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987) (emphasis added). Rather, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'"  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).  In a similar vein, a district court may lack subject matter jurisdiction over a suit premised on a federal claim where that claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction."  *Id*. (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

---

[3]     Consistent with the wide-ranging scope of the alleged conspiracy, Plaintiff's Amended Complaint names 887 Defendants, many of which are residents of Pennsylvania, thereby depriving this Court of diversity jurisdiction.  *See* 28 U.S.C. § 1332.

Here, the Court finds that the instant Amended Complaint meets this standard because four of the five federal laws cited do not supply a private cause of action and the fifth is wholly immaterial to any events described in the Amended Complaint. Laws one, three, and four are criminal statutes. Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action.") Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A*., 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979).

More particularly, the criminal statutes cited here do not give rise to a private cause of action. *See Molina v. City of Lancaster*, 159 F. Supp. 2d 813 (E.D. Pa. 2001) (finding that 18 U.S.C. § 242 does not create a civil cause of action); *see also Johnson v. RovMain, Inc.*, No. CV 22-5219, 2023 WL 2723110 (E.D. Pa. Mar. 31, 2023) (finding that 18 U.S.C. § 1341 does not provide a private cause of action); *Bardes v. Massachusetts Mut. Life Ins. Co*., No. 1:11CV340, 2011 WL 1790816 (M.D.N.C. May 10, 2011) (finding that 18 U.S.C. § 1033 does not provide a

private cause of action.) Nor does the cited provision of the Federal Trade Commission Act provide a private cause of action. *See Gainer v. Lynn*, No. CV 25-907-BAH, 2025 WL 1068052 (D. Md. Apr. 9, 2025) (finding that 15 U.S.C. § 45 does not provide a private cause of action).

Of the statutes cited, only the Sherman Antitrust Act supplies a private cause of action. However, the Amended Complaint simply features no factual predicate from which any reasonable mind could infer a cause of action arising under the Act. This is not an instance in which Plaintiff's claim will fail under some construction of law but succeed under another, *see Steel Co.*, 523 U.S. at 89, *or* in which Plaintiff has omitted a fact necessary to make out a federal cause of action. Rather, the Sherman Antitrust Act "clearly appears to be immaterial" from any possible construction of the events outlined in the Amended Complaint "and made solely for the purpose of obtaining jurisdiction." *Id*. (quoting *Bell*, 327 U.S. at 682). Accordingly, the Court finds that it lacks subject matter jurisdiction over the instant case and will dismiss the Amended Complaint without prejudice.[4]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] Because the Amended Complaint is dismissed without prejudice, Plaintiff may file a Second Amended Complaint curing the deficiencies outlined herein. In the event he chooses to do so, he is advised that he should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim.